# EXHIBIT B

# AMENDED AND RESTATED CERTIFICATE OF INCORPORATION

## OF

## PMR CORPORATION

PMR CORPORATION, a corporation organized and existing under the laws of the state of Delaware, hereby certifies as follows:

1. The name of the corporation is PMR Corporation (the "Corporation").

2. The date of the filing of the Corporation's original Certificate of Incorporation with the Secretary of State of Delaware was January 8, 1988 under the name Zaron Capital, Inc.

3. The Certificate of Incorporation of this Corporation is hereby amended and restated to read as follows:

### Article I.

The name of this Corporation is PMR CORPORATION.

### Article II.

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

### Article III.

The name of the registered agent in Delaware at such address is The Corporation Trust Company.

### Article IV.

The purposes of the Corporation are to engage in any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 03/09/1998
981089721 - 2148781

## Article V.

A. This Corporation is authorized to issue two classes of stock to be designated, respectively, "Common Stock" and "Preferred Stock." The total number of shares of stock which the Corporation is authorized to issue is twenty million (20,000,000) shares, of which nineteen million (19,000,000) shares shall be Common Stock, each having a par value of one cent ($.01) per share and one million (1,000,000) shares shall be Preferred Stock, each having a par value of one cent ($.01) per share.

B. The Preferred Stock may be issued from time to time in one or more series. The Board of Directors is hereby authorized, by filing a certificate (a "Preferred Stock Designation") pursuant to the Delaware General Corporation Law, to fix or alter from time to time the designation, powers, preferences and rights of the shares of each such series and the qualifications, limitations or restrictions of any wholly unissued series of Preferred Stock, and to establish from time to time the number of shares constituting any such series or any of them; and to increase or decrease the number of shares of any series subsequent to the issuance of shares of that series, but not below the number of shares of such series then outstanding. In case the number of shares of any series shall be decreased in accordance with the foregoing sentence, the shares constituting such decrease shall resume the status that they had prior to the adoption of the resolution originally fixing the number of shares of such series.

## Article VI.

All of the powers of this Corporation, insofar as the same may be lawfully vested by this Certificate of Incorporation in the Board of Directors are hereby conferred upon the Board of Directors of this Corporation. In furtherance and not in limitation of that power, the Board of Directors shall have the power to make, adopt, alter, amend and repeal from time to time Bylaws of this Corporation, subject to the right of stockholders entitled to vote with respect thereto to adopt, alter, amend and repeal Bylaws by the Board of Directors; provided, however, that Bylaws shall not be adopted, altered, amended or repealed by the stockholders of the Corporation except by the affirmative vote of the holders of two-thirds of the combined voting power of the then outstanding shares of stock entitled to vote on any proposed amendment to the Bylaws.

## Article VII.

A. No director shall be personally liable to the Corporation or its stockholders for monetary damages for any breach of fiduciary duty by such director as a director, except (i) for breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) pursuant to Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended after

113372 v1/SD
2BB011.DOC

2.

approval by the stockholders of this Article VII to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director shall be eliminated or limited to the fullest extent permitted by Delaware General Corporation Law, as so amended.

B. Any repeal or modification of this Article VII shall be prospective and shall not affect the rights under this Article VII in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

## Article VIII.

The Corporation may indemnify any person who is or was a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that the person is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against any and all expenses (including attorneys' fees), judgments, fines and amounts paid in settlement or incurred in connection with the investigation, preparation to defend or defense of such action, suit, proceeding or claim, to the fullest extent permitted by the Delaware General Corporation Law, as amended from time to time. The Corporation may purchase and maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise, against any such expense, liability or loss, to the fullest extent permitted by the Delaware General Corporation Law.

## Article IX.

Amendments to the Certificate of Incorporation of the Corporation shall require the affirmative vote of the holders of two-thirds of the combined voting power of the then outstanding shares of stock entitled to vote on any proposed amendment to the Certificate of Incorporation. Notwithstanding the foregoing, in the event that a resolution to amend the Certificate of Incorporation of the Corporation is adopted by the affirmative vote of at least eighty percent (80%) of the Board of Directors, approval of the amendment shall only require the affirmative vote of the holders of a majority of the combined voting power of the then outstanding shares of stock entitled to vote generally on such amendment, voting together as a single class.

## Article X.

A. Except as otherwise fixed by or pursuant to provisions hereof relating to the rights of the holders of any class or series of stock having a preference over common stock as to dividends or upon liquidation to elect additional Directors under specified circumstances, the number of Directors of the Corporation shall be fixed from time to

Case 3:09-cv-01211 Document 55-2 Filed 08/05/10 Page 4 of 10 PageID #: 417

time by affirmative vote of a majority of the Directors then in office. The Directors, other than those who may be elected by the holders of any classes or series of stock having a preference over the common stock as to dividends or upon liquidation, shall be classified, with respect to the time for which they severally hold office, into three classes, as nearly equal in number as possible, as shall be provided in the manner specified in the Bylaws of the Corporation, one class to be originally elected for a term expiring at the annual meeting of stockholders to be held in 1997, another class to be originally elected for a term expiring at the annual meeting of stockholders to be held in 1998, and another class to be originally elected for a term expiring at the annual meeting of stockholders to be held in 1999, with each class to hold office until its successor is elected and qualified. At each annual meeting of the stockholders of the Corporation after 1996, the successors of the class of Directors whose term expires at that meeting shall be elected to hold office for a term expiring at the annual meeting of stockholders held in the third year following the year of their election. Election of directors need not be by written ballot unless so provided in the Bylaws of the Corporation.

B. Except as otherwise fixed by or pursuant to provisions hereof relating to the rights of the holders of any class or series of stock having a preference over common stock as to dividends or upon liquidation to elect additional Directors under specified circumstances, newly created directorships resulting from any increase in the number of directors and any vacancies on the Board of Directors resulting from death, resignation, disqualification, removal or other cause shall be filled by the affirmative vote of a majority of the remaining Directors then in office, even though less than a quorum of the Board of Directors. Any Director elected in accordance with the preceding sentence shall hold office for the remainder of the full term of the class of Directors in which the new directorship was created or the vacancy occurred and until such Director's successor shall have been elected and qualified. No decrease in the number of Directors constituting the Board of Directors shall shorten the term of any incumbent director.

C. Except as otherwise fixed by or pursuant to provisions hereof relating to the rights of the holders of any class or series of stock having a preference over common stock as to dividends or upon liquidation to elect additional Directors under specified circumstances, any Director may be removed from office only for cause and only by the affirmative vote of the holders of two-thirds of the combined voting power of the then outstanding shares of stock entitled to vote generally in the election of Directors, voting together as a single class.

D. Notwithstanding anything contained in this Certificate of Incorporation to the contrary, the consent of the Board of Directors shall be required to alter, amend, or adopt any provisions inconsistent with or repeal this Article X.

\* \* \*

113372 v1/SD
2ms011.DOC

4.

4. This Amended and Restated Certificate of Incorporation has been duly adopted by the Board of Directors of this Corporation.

5. This Amended and Restated Certificate of Incorporation has been duly adopted in accordance with the provisions of Sections 228, 242 and 245 of the Delaware General Corporation Law by the board of directors and the stockholders of the Corporation. The total number of outstanding shares entitled to vote or act by written consent was 6,925,819 shares of Common Stock. A majority of the outstanding shares of Common Stock approved this Amended and Restated Certificate of Incorporation by written consent in accordance with Section 228 of the Delaware General Corporation Law and written notice of such was given by the Corporation in accordance with said Section 228.

113572 v1/SD
2t9801I.DOC

5.

IN WITNESS WHEREOF, said PMR Corporation has caused this Certificate to be signed by its Chief Executive Officer, Allen Tepper, and attested to by its Secretary, Susan D. Erskine, this 6th day of March, 1998.

*[signature]*
Allen Tepper
Chief Executive Officer

Attest:

*[signature]*
Susan D. Erskine
Secretary

113372 v1/SD
2BB011.DOC

6.

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 01:01 PM 08/05/2002
020496075 - 2148781

# CERTIFICATE OF AMENDMENT
# TO
# AMENDED AND RESTATED
# CERTIFICATE OF INCORPORATION
# OF
# PMR CORPORATION

(Incorporated on January 8, 1988)

(Pursuant to Section 242 of the General
Corporation Law of the State of Delaware)

---

PMR Corporation, a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware (the "Corporation"), hereby certifies:

**FIRST:** The name of the Corporation is PMR Corporation.

**SECOND:** The Amended and Restated Certificate of Incorporation of the Corporation was filed with the Secretary of State of the State of Delaware on March 9, 1998.

**THIRD:** The Amended and Restated Certificate of the Corporation is hereby amended so that ARTICLE I reads in its entirety as follows:

"The name of this Corporation is Psychiatric Solutions, Inc."

**FOURTH:** The Amended and Restated Certificate of the Corporation is hereby amended so that ARTICLE V reads in its entirety as follows:

"A. This Corporation is authorized to issue two classes of shares to be designated, respectively, "Common Stock" and "Preferred Stock." All of said shares shall be one cent ($0.01) par value each. The total number of shares of stock that the Corporation is authorized to issue is Fifty Million (50,000,000), of which Forty-Eight Million (48,000,000) shares shall be Common Stock, each having a par value of one cent ($0.01) per share, and Two Million (2,000,000) shares shall be Preferred Stock, each having a par value of one cent ($0.01) per share.

B. The Preferred Stock may be issued from time to time in one or more series. The Board of Directors is hereby authorized, by filing a certificate (a "Preferred Stock Designation") pursuant to the Delaware General Corporation Law, to fix or alter from time to time the designation, powers, preferences and rights of the shares of each such series and the qualifications, limitations or restrictions of any wholly unissued series of Preferred Stock, and to establish from time to time the number of share constituting any such series or any of them; and to increase or decrease the number of shares of any series subsequent to the issuance of shares of that series, but not below the number of shares of such series then outstanding. In case the number of shares of any series shall be decreased in

287327_2

accordance with the foregoing sentence, the shares constituting such decrease shall resume the status that they had prior to the adoption of the resolution originally fixing the number of shares of such series.

C. The Corporation may purchase, directly or indirectly, its own shares to the extent that may be allowed by law.

D. Effective immediately upon filing of this Certificate of Amendment with the Secretary of State of the State of Delaware (the "Effective Time"), each share of Common Stock, par value $0.01 per share (the "Old Common Stock"), issued and outstanding immediately prior to such Effective Time shall, without any action on the part of the holder thereof, be converted and reclassified into, and immediately represent, one-third of one validly issued, fully paid and non-assessable share of Common Stock, par value $0.01 per share. Notwithstanding the foregoing, no fraction of a share of Common Stock shall be issued by virtue of such conversion and reclassification, and any fraction of a share of Common Stock that would otherwise result pursuant to the preceding sentence (after aggregating all fractional shares to be received by such stockholder) shall automatically be rounded down to the nearest whole share. Each certificate representing shares of Old Common Stock shall thereafter represent that number of shares of Common Stock determined in accordance with the previous sentences; provided, however, that each person holding of record a stock certificate or certificates representing shares of Old Common Stock shall receive, upon surrender of such certificate or certificates, a new certificate or certificates evidencing and representing the number of shares of Common Stock to which such person is entitled. In addition, any options to acquire shares of Common Stock (each, an "Option") outstanding immediately prior to the Effective Time shall, without any action on the part of the holder thereof or the Corporation, be adjusted as follows: (i) the number of shares of Common Stock subject to such Option shall be divided by 3 (rounded down to the nearest whole share); and (ii) the per share exercise price set forth in such Option shall be multiplied by 3, subject to appropriate reduction on account of any fractions not issued as a result of rounding down; provided, however, that the foregoing adjustments shall not apply if the plan under which a particular Option was granted provides for adjustments similar to the foregoing. The provisions of this Paragraph D shall not change the par value of the Common Stock as set forth in Article V, Paragraph A hereof."

FIFTH: The above amendments to the Restated Certificate of Incorporation of the Corporation were duly adopted by the unanimous approval of the Board of Directors of the Corporation and have been duly approved by the stockholders of the Corporation in accordance with the provisions of Section 242 of the General Corporation Law of the State of Delaware and the Restated Certificate of Incorporation of the Corporation, or otherwise.

\* \* \*

[Signature page follows]

287327_2

IN WITNESS WHEREOF, the undersigned has executed this Certificate this 5th day of August, 2002.

        PMR CORPORATION

        By: /s/ Fred Furman
           Fred Furman
           President and General Counsel

287327_2